# Exhibit 12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

| | |
|---|---|
| MEDLINE INDUSTRIES, INC.<br><br>                 Plaintiff,<br><br>  v.<br><br>C.R. BARD, INC.<br><br>                 Defendant. | Civil Action No. 1:14-cv-03618<br>Judge John Z. Lee |

**C. R. BARD, INC.'S RESPONSES AND SUPPLEMENTAL RESPONSES TO**
**MEDLINE INDUSTRIES, INC.'S INTERROGATORIES (NOS. 1-24)**

Pursuant to Federal Rule of Civil Procedure 33, Defendant C.R. Bard, Inc. ("Bard")

hereby submits the following supplemental objections and responses to Plaintiff Medline

Industries, Inc.'s ("Medline") Interrogatories as follows:

**GENERAL OBJECTIONS**

1.      Bard objects to the "DEFINITIONS AND INSTRUCTIONS" contained in the

interrogatories to the extent they are inconsistent with or seek to impose obligations beyond

those imposed by the Federal Rules of Civil Procedure or the applicable rules of this Court.

2.      Bard objects to these interrogatories to the extent they seek information that does

not exist or that is outside of Bard's possession, custody, or control.

3.      Bard objects to these interrogatories to the extent they seek information that is not

relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of

admissible evidence.

4.      Bard objects to these interrogatories to the extent they seek information that is

protected by the attorney-client privilege, the work-product doctrine, the common interest or

Medline to the following documents from which information responsive to this interrogatory can be ascertained:  BARD_0122109 and BARD_0376761.

**INTERROGATORY NO. 3:**

Fully explain the commercialization of urinary catheter products on a monthly and annual basis since 2008.  Your answer should include: the version, model, part number or other identifier(s) of each Accused Product developed, created, installed, supplied, distributed, licensed, sold, offered for sale, manufactured, imported or exported by or for You; the number of Accused Products developed, created, installed, supplied, distributed, licensed, or manufactured by or for You; the number of Accused Products developed, created, installed, supplied, distributed, licensed or manufactured by or for You; the number of Accused Products sold, installed, supplied, distributed, or licensed worldwide by or for You; the number of Accused Products sold, installed, supplied, distributed, or licensed by or for You; the number of Accused Products imported into or licensed by or for You; an identification of persons most knowledgeable of the foregoing; and an identification of documents reflecting the foregoing.

**RESPONSE TO INTERROGATORY NO. 3:**

Bard incorporates its General Objections recited above as if set forth fully herein.  Bard objects to Medline's definition of "Accused Products" as overly broad, unduly burdensome, vague, ambiguous, and calling for information neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it includes products not charted in Medline's August 22, 2014 Infringement Contentions.  Bard further objects to this interrogatory as vague and ambiguous as to "other identifier(s)."  Bard further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous as to "[f]ully explain the commercialization of urinary catheter products."  Bard objects to this

6

interrogatory as vague, ambiguous, and unintelligible as to "install." Bard further objects to this interrogatory as overly broad and unduly burdensome as to "[o]n a monthly . . . basis since 2008." Bard further objects to this interrogatory as having multiple discrete subparts. Bard objects to this interrogatory as overly broad and unduly burdensome and as calling for information neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to sales and other activities outside the United States. Bard objects to this interrogatory as overly broad and unduly burdensome and as calling for information neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence as to "urinary catheter products."

Subject to and without waiving its objections, Bard states that it will produce responsive documents and information under Rule 33(d) showing U.S. sales since 2008 of the products charted in Medline's August 22, 2014 Infringement Contentions, on a quarterly and/or annual basis (including skus and number of products). Bard further states that Jeff Miller [VP & Controller, Bard Medical Division] is knowledgeable regarding financial information relating to Bard products.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving the foregoing and the general objections, Bard supplements its response as follows: Bard identifies documents bearing Bates numbers BARD_0005129 - BARD_0005277.

7

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3

Subject to and without waiving the foregoing and the general objections, Bard further supplements its response as follows: Bard identifies additional documents bearing Bates numbers BARD_0215442, BARD_0215454, BARD_0215455, and BARD_0327017.

## THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3

Subject to and without waiving the foregoing and the general objections, Bard further supplements its response as follows: Bard identifies additional documents bearing Bates numbers BARD_0440445 - BARD_0440446.

## FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3

Kimberly Hammond became VP Finance for BMD (now Urology & Critical Care) in January 2018, upon Jeff Miller's retirement.

Pursuant to Rule 33(d), Bard refers Medline to the following additional documents from which information responsive to this interrogatory can be ascertained: BARD_0443891, BARD_0443769, BARD_0441114, and BARD_0443895.

## INTERROGATORY NO. 4:

On a monthly and annual basis since 2008, fully explain the financials of the commercialization of urinary catheter products. Your answer should include for each Accused Product: total number of sales; gross revenue; net revenue; gross profit; net profit; the adjustments made to the gross revenue to arrive at the net revenue; the adjustments made to the gross revenue or the net revenue, whichever the case may be, to arrive at the net profits; an identification of persons most knowledgeable of the foregoing; and an identification of documents reflecting the foregoing.

Dated:    May 31, 2019              By:  /s/ Nicole M. Smith         
Attorney for C.R. Bard, Inc.

Vincent J. Belusko
*vbelusko@mofo.com*
Nicole M. Smith
*nsmith@mofo.com*
**Morrison & Foerster LLP**
707 Wilshire Boulevard
60th Floor
Los Angeles, CA 90017-3543
213.892.5200 (Tel)
213.892-5454 (Fax)

Todd H. Flaming IL 6216071
*TF@Tflaw.us*
Todd Flamming LLC
20 South Clark Street, Suite 2620
Chicago, Illinois 60603
312.447.7217 (Tel)
312.236.9201 (Fax)
Attorneys for C. R. Bard, Inc.

75

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing C.R. BARD, INC.'S RESPONSES AND SUPPLEMENTAL RESPONSES TO MEDLINE INDUSTRIES, INC.'S INTERROGATORIES (NOS. 1-24) was served via email on:

Allen E. Hoover IL 06216256
FITCH, EVEN, TABIN & FLANNERY LLP
Suite 1600
120 South LaSalle Street
Chicago, Illinois 60603

Dated: May 31, 2019

*/s/ Kimberly Wooten*
Kimberly Wooten

76

la-1418921