# Exhibit 13

# Appendix D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MEDLINE INDUSTRIES, INC.<br><br>    Plaintiff,<br><br> v.<br><br>C.R. BARD, INC.<br><br>    Defendant. | Civil Action No. 1:14-cv-03618<br><br>The Honorable John Z. Lee<br><br>Magistrate Judge M. David Weisman |

**JOINT PROPOSED JURY INSTRUCTIONS**

# TABLE OF CONTENTS

**Page**
**PART 1: PRELIMINARY INSTRUCTIONS**

**1.1** [AGREED] PRELIMINARY INSTRUCTIONS—GENERAL ................................... 1

**1.2** [AGREED] PRELIMINARY INSTRUCTIONS—PATENT SPECIFIC—WHAT IS A PATENT AND HOW ONE IS OBTAINED ................................................................ 2

**1.3** [AGREED] THE PATENTS INVOLVED IN THIS CASE ........................................... 3

**1.4** [DISPUTED – PROPOSED BY MEDLINE] SUMMARY OF CONTENTIONS ....... 5

**1.5** [DISPUTED – BARD COUNTERPROPOSAL] SUMMARY OF CONTENTIONS . 7

**1.6** [AGREED] TRIAL PROCEDURE ............................................................................... 10

**1.7** [AGREED] JURY CONDUCT ..................................................................................... 12

**1.8** [AGREED] PROCEEDINGS OUT OF JURY'S HEARING ..................................... 13

**1.9** [AGREED] NOTE-TAKING—PERMITTED .............................................................. 14

**1.10** [AGREED] EVIDENCE ................................................................................................ 15

**1.11** [AGREED] WHAT IS NOT EVIDENCE .................................................................... 16

**1.12** [AGREED] CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED ................................................................................................................... 17

**1.13** [AGREED] WEIGHING THE EVIDENCE ................................................................ 18

**1.14** [AGREED] DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................ 19

**1.15** [AGREED] TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE). 20

**1.16** [DISPUTED – PROPOSED BY MEDLINE] BURDENS OF PROOF ....................... 21

**1.17** [DISPUTED – BARD COUNTERPROPOSAL] BURDENS OF PROOF ................. 22

**1.18** [AGREED] OPINION EVIDENCE—EXPERT WITNESSES ................................... 24

**1.19 [AGREED] ATTORNEY'S DUTY TO OBJECT** .......................................................... 25

**2.1 [AGREED] FUNCTIONS OF THE COURT AND THE JURY** ................................ 27

**2.2 [AGREED] NO INFERENCE FROM JUDGE'S QUESTIONS** ................................. 28

**2.3 [DISPUTED – PROPOSED BY MEDLINE] BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE** ................................................................. 29

**2.4 [DISPUTED – BARD COUNTERPROPOSAL] BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE** ................................................................. 30

**2.5 [DISPUTED – PROPOSED BY MEDLINE] BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE** ................................................................................ 32

**2.6 [DISPUTED – BARD COUNTERPROPOSAL] BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE** ................................................................................ 33

**2.7 [AGREED] EVIDENCE** ...................................................................................................... 35

**2.8 [AGREED] STIPULATIONS OF FACT** ....................................................................... 36

**2.9 [AGREED] DEPOSITION TESTIMONY** ..................................................................... 37

**2.10 [AGREED] DEMONSTRATIVE EXHIBITS** .............................................................. 38

**2.11 [AGREED] WHAT IS NOT EVIDENCE** ..................................................................... 39

**2.12 [AGREED] LIMITED PURPOSE OF EVIDENCE** ...................................................... 40

**2.13 [AGREED] WEIGHING THE EVIDENCE** .................................................................. 41

**2.14 [AGREED] DIRECT AND CIRCUMSTANTIAL EVIDENCE** ................................. 42

**2.15 [AGREED] TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**. 43

**2.16 [AGREED] OPINION EVIDENCE—EXPERT WITNESSES** .................................. 44

**2.17 [AGREED] OBJECTIONS** .............................................................................................. 45

**2.18 [AGREED] USE OF NOTES** ........................................................................................... 46

2.19 [AGREED] INTRODUCTION TO SPECIFIC INSTRUCTIONS ............................ 47

2.20 [DISPUTED – PROPOSED BY MEDLINE] SUMMARY OF PATENT ISSUES.... 48

2.21 [DISPUTED – PROPOSED BY MEDLINE] CLAIM CONSTRUCTION - GENERALLY ................................................................................................... 51

2.22 [AGREED] THE PATENTS ................................................................................ 54

2.23 [AGREED] INDEPENDENT AND DEPENDENT CLAIMS ................................ 55

2.24 [DISPUTED – PROPOSED BY MEDLINE] INFRINGEMENT—GENERALLY .. 56

2.25 [DISPUTED – PROPOSED BY MEDLINE] DIRECT INFRINGEMENT BY LITERAL INFRINGEMENT ............................................................................ 59

2.26 [DISPUTED – BARD COUNTERPROPOSAL] DETERMINING INFRINGEMENT ................................................................................................................................ 60

2.27 [DISPUTED – PROPOSED BY MEDLINE] DIRECT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS .......................................................... 62

2.28 [DISPUTED – PROPOSED BY MEDLINE] DIRECT INFRINGEMENT— KNOWLEDGE OF THE PATENT AND INTENT TO INFRINGE ARE IMMATERIAL ................................................................................................. 65

2.29 [DISPUTED – PROPOSED BY MEDLINE] INFRINGEMENT OF OPEN-ENDED OR COMPRISING CLAIMS .......................................................................... 68

2.30 [DISPUTED – PROPOSED BY MEDLINE] INDIRECT INFRINGEMENT— INDUCEMENT ................................................................................................ 71

2.31 [DISPUTED – BARD COUNTERPROPOSAL] INDIRECT INFRINGEMENT – INDUCEMENT ................................................................................................ 72

2.32 [DISPUTED – PROPOSED BY BARD] DIRECT INFRINGEMENT – ELEMENTS

................................................................................................................................. 74

2.33 [AGREED] INFRINGEMENT—PRODUCTS AT ISSUE .......................................... 77

2.34 [DISPUTED – PROPOSED BY MEDLINE] VALIDITY—GENERALLY ............... 78

2.35 [DISPUTED – BARD COUNTERPROPOSAL] INVALIDITY ................................ 79

2.36 [DISPUTED – PROPOSED BY MEDLINE] DEFINITION OF PRIOR ART ......... 82

2.37 [DISPUTED – BARD COUNTERPROPOSAL] DEFINITION OF PRIOR ART.... 84

2.38 [DISPUTED – PROPOSED BY MEDLINE] PRIOR ART CONSIDERED OR NOT CONSIDERED BY THE PTO ........................................................................................ 87

2.39 [DISPUTED – PROPOSED BY MEDLINE] VALIDITY OF INDEPENDENT AND DEPENDENT CLAIMS ................................................................................................ 90

2.40 [AGREED] ANTICIPATION ........................................................................................ 93

2.41 [DISPUTED – PROPOSED BY MEDLINE] OBVIOUSNESS .................................. 94

2.42 [DISPUTED – BARD COUNTERPROPOSAL] OBVIOUSNESS ............................ 96

2.43 [AGREED] OBVIOUSNESS – COMBINING OF PRIOR ART REFERENCES .... 99

2.44 [AGREED] LEVEL OF ORDINARY SKILL ........................................................... 100

2.45 [DISPUTED – PROPOSED BY MEDLINE] WILLFUL INFRINGEMENT.......... 101

2.46 [DISPUTED – BARD COUNTERPROPOSAL] WILLFUL INFRINGEMENT.... 102

2.47 [DISPUTED – PROPOSED BY BARD] WILLFUL INFRINGEMENT – OPINION OF COUNSEL ............................................................................................................... 105

2.48 [DISPUTED – COUNTERPROPOSAL BY MEDLINE] WILLFUL INFRINGEMENT – OPINION OF COUNSEL ........................................................ 106

2.49 [AGREED] DAMAGES—GENERAL ........................................................................ 109

2.50 [DISPUTED – PROPOSED BY MEDLINE] TWO TYPES OF DAMAGES—LOST

**PROFITS & REASONABLE ROYALTY** .................................................................. 110

2.51 [DISPUTED – BARD COUNTERPROPOSAL] TWO TYPES OF DAMAGES—LOST PROFITS & REASONABLE ROYALTY ......................................................... 111

2.52 [DISPUTED – PROPOSED BY BARD] LOST PROFITS—BUT FOR TEST ....... 113

2.53 [DISPUTED – MEDLINE COUNTERPROPOSAL] LOST PROFITS—"BUT FOR" TEST ................................................................................................................ 114

2.54 [AGREED] LOST PROFITS—PANDUIT FACTORS ............................................... 117

2.55 [DISPUTED – PROPOSED BY MEDLINE] LOST PROFITS—CAPACITY ....... 119

2.56 [DISPUTED – COUNTER-PROPOSAL BY BARD] LOST PROFITS—CAPACITY ............................................................................................................................... 120

2.57 [DISPUTED – PROPOSED BY MEDLINE] LOST PROFITS—AMOUNT .......... 122

2.58 [DISPUTED – BARD COUNTERPROPOSAL] LOST PROFITS—AMOUNT ..... 123

2.59 [DISPUTED – PROPOSED BY MEDLINE] REASONABLE ROYALTY—ENTITLEMENT ................................................................................................................. 125

2.60 [DISPUTED – PROPOSED BY MEDLINE] REASONABLE ROYALTY—DEFINITION ................................................................................................................. 128

2.61 [DISPUTED – BARD COUNTERPROPOSAL] REASONABLE ROYALTY ........ 130

2.62 [DISPUTED – PROPOSED BY BARD] PATENT EXHAUSTION ......................... 133

2.63 [AGREED] SELECTION OF PRESIDING JUROR; VERDICT FORM ............... 136

2.64 [AGREED] COMMUNICATION WITH COURT ...................................................... 137

2.65 [AGREED] DISAGREEMENT AMONG JURORS .................................................. 138

APPENDIX A: GLOSSARY OF PATENT LAW TERMS ............................................... 139

APPENDIX B: MEANING OF CLAIM TERMS ............................................................ 141

**2.46 [DISPUTED – BARD COUNTERPROPOSAL] WILLFUL INFRINGEMENT**

If you find that it is more likely than not that Bard infringed a valid claim of Medline's patents, then you must also determine whether or not Bard's infringement was willful.

To show that Bard's infringement was willful, Medline must prove by a preponderance of the evidence that Bard knew of Medline's patents and intentionally infringed at least one asserted claim of the patent. For example, you may consider whether Bard's behavior was malicious, wanton, deliberate, consciously wrongful, flagrant, or in bad faith. However, you may not find that Bard's infringement was willful merely because Bard knew about the patent, without more. In determining whether Medline has proven that Bard's infringement was willful, you must consider all of the circumstances and assess Bard's knowledge at the time the challenged conduct occurred.

If you determine that any infringement was willful, you may not allow that decision to affect the amount of any damages award you give for infringement.

Authority: AIPLA Jury Instructions (11.0 Willful infringement—Generally).

Bard Position: Medline's proposed instruction generally adopts the Seventh Circuit model except that it mischaracterizes the final element, which under that model states, "You should consider what Defendant knew at the time that it performed the acts that are accused of infringement." Here, the accused act of infringement by Bard is inducing infringement, not manufacturing or selling the product, as Medline's instruction states.

Importantly, however, the parties have a dispute over the law of willfulness. The Seventh Circuit model cites "reckless disregard" and "bad faith," but the Supreme Court's *Halo* decision elevated that bar even higher: "The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or — indeed — characteristic of a pirate." *Halo Electronics, Inc. v. Pulse Electronics*, 136 S. Ct. 1923, 1932 (2016). It is the AIPLA instruction that in this instance accurately characterizes the law. Indeed, the Committee Comments to the Seventh Circuit model state that "The Supreme Court indicated in Halo that enhanced damages 'are not to be meted out in a typical infringement case" but are reserved for behavior that is willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.' *Halo*, 136 S.Ct. at 1932."

<u>Medline's Response to Bard's Objections</u>: The language to which Bard objects comes directly from the Seventh Circuit model, which states: "You should consider what Defendant knew at the time that it performed the acts that are accused of infringement [or manufactured or sold the accused product]." Specifically, Bard objects to Medline including the text that is bracketed in the model. But this bracketed text appears to be designed for cases, like this one, where indirect infringement is alleged. Manufacturing and selling the accused product are acts by Bard that, together with other behavior, constitute inducement and give rise to Bard's liability. Bard's objection regarding the law of willfulness is addressed below in Medline's Objections to Bard's Instruction.

<u>Medline's Objections to Bard's Instruction</u>: Medline objects to Bard's instruction as confusing and misleading because it suggests that Bard must have directly infringed Medline's patents in order to have infringed willfully. Medline also objects to Bard's instruction as confusing, misleading, and unfairly prejudicial to Medline because it purports to associate extreme conduct that is "malicious, wanton, deliberate, consciously wrongful, flagrant, or in bad faith" with the lesser standard for willfulness. Contrary to Bard's assertion, the Supreme Court's *Halo* decision did not "elevate" the bar for willfulness "even higher." "Under *Halo*, the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). Willful infringement can result from malicious conduct, for example, but that is not necessary. The Committee Comments on the Seventh Circuit model state that the *Halo* Court "ruled in 2016 that no heightened evidentiary burden is required for a finding of willfulness" and explain that the full list of exemplary behavior from *Halo* has been deliberately shortened in the model instruction.